UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Rice,<br>*aka David D. Rice,*<br><br>      Plaintiff,<br><br>vs.<br><br>Fairfield County Sheriff's Department.,<br><br>      Defendant.<br>_____ | ) C/A No. 0:11-310-JFA-PJG<br>)<br>)<br>)<br>)<br>) **REPORT AND**<br>) **RECOMMENDATION**<br>)<br>)<br>)<br>) |

  This civil action is before the Court for initial screening pursuant to 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff files this civil rights action against the Fairfield County Sheriff's Department. The gist of Plaintiff's Amended Complaint is that deputies of the Sheriff's Department unlawfully searched his home when executing a claim and delivery order to repossess furniture purchased by Plaintiff's daughter, who resides at a different address than Plaintiff.

  Having reviewed Plaintiff's Complaint in accordance with applicable law, the court find that his claim is barred by the Eleventh Amendment to the United States Constitution because Defendant, a sheriff's department, is considered an agency of the State of South Carolina and, as such, is immune from a suit for monetary damages brought under § 1983. Thus, this court lacks jurisdiction to hear this case and Plaintiff's Complaint must be dismissed. See 28 U.S.C. § 1915(e)(2)(B)(iii) (applying to suits seeking monetary relief against defendants who are immune from such relief).

*PJG*

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009); Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995). This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the

development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### DISCUSSION

The Amended Complaint must be summarily dismissed because the only defendant named is immune from suit.  The Eleventh Amendment to the United States Constitution states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. art. XI.  Sovereign immunity protects both the State itself and its agencies, divisions, departments, officials, and other "arms of the State."  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989); see also Regents of the Univ. of California v. Doe, 519 U.S. 425, 429 (1997) ("[I]t has long been settled that the reference [in the Eleventh Amendment] to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state



instrumentalities."). Nor would further amendment of the Complaint to name the sheriff or the deputy involved in the incident in their official capacities avail Plaintiff. See Mt. Healthy Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977) ("The bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances."); Gulledge v. Smart, 691 F. Supp. 947, 954 (D.S.C. 1988) (holding that both sheriffs and deputy sheriffs are agents of the State and immune from suit); see also Cone v. Nettles, 417 S.E.2d 523 (S.C. 1992) (stating that the sheriff and his employees are state officials).

Even if this court could exercise jurisdiction over Plaintiff's claim, it is time barred on its face. While there is no federal statute of limitations for actions arising under 42 U.S.C. § 1983, it is well settled that the limitations period for § 1983 claims is to be determined by the applicable state law statute of limitations. See Wilson v. Garcia, 471 U.S. 261, 266-69 (1985). The Supreme Court has further held that "where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions." Owens v. Okure, 488 U.S. 235, 249-50 (1989). In South Carolina, the applicable statute of limitations for personal injury cases is three years. See S.C. Code Ann. § 15-3-530(5). It plainly appears from Plaintiff's Complaint and Amended Complaint that the actions upon which Plaintiff is basing his lawsuit took place in August 2007, over three and a half years ago. Plaintiff alleges no facts as to why his Complaint, filed on February 7, 2011, and his Amended Complaint, filed on March 16, 2011, should be considered timely. Because over three and a half years elapsed between the time the alleged acts occurred and the time Plaintiff filed

this lawsuit against Defendant, Plaintiff's claim is untimely, fails to state a claim on which relief may be granted, and must, consequently, be dismissed.[1]

## RECOMMENDATION

Accordingly, the court recommends that the Complaint and Amended Complaint be dismissed, without prejudice and without issuance and service of process. See 28 U.S.C. § 1915(e)(2)(B)(i),(ii),(iii) (frivolous, fails to state a claim on which relief may be granted, seeks monetary relief against a defendant who is immune from such relief); Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Brown v. Briscoe, 998 F.2d 201 (4th Cir. 1993); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

March 23, 2011
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

---

[1] Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense, which is subject to waiver if not timely raised in a responsive pleading. See, e.g., United States v. Ward, 618 F. Supp. 884, 901 (E.D.N.C. 1985); Am. Nat'l Bank v. Fed. Deposit Ins. Corp., 710 F.2d 1528, 1537 (11th Cir. 1983). Even so, the holding in Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983), authorizes a district court to anticipate clearly apparent affirmative defenses available to the defendants in determining under § 1915 whether process should be issued against the defendants. See also Rogers v. Isom, 709 F. Supp. 115, 117 (E.D. Va. 1989) ("A determination of frivolousness on the basis of affirmative defenses is appropriate even though no responsive pleadings have been filed.") (citing Todd v. Baskerville, 712 F.2d 70, and Duncan v. West Virginia, 597 F. Supp. 1195, 1196 (S.D.W.Va. 1984) ("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) finding a complaint frivolous.") (citation omitted)).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).