IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Rice, ) | C/A No.: 0:11-310-JFA-PJG |
| Plaintiff, ) | |
| vs. ) | ORDER |
| Fairfield County Sheriff's Department, ) | |
| Defendant. ) | |
| _____ ) | |

The *pro se* plaintiff, David Rice, brings this action pursuant to 42 U.S.C. § 1983. He contends that deputies of the Fairfield County Sheriff's Department unlawfully searched his home when executing a claim and delivery order to repossess furniture purchased by the plaintiff's daughter, who resides at a different address than the plaintiff.

The Magistrate Judge assigned to this action[1] has prepared a thorough Report and Recommendation wherein she suggests that the court should dismiss this action because the named defendant is immune from suit and the complaint is time-barred. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The plaintiff was advised of his right to file objections to the Report and Recommendation and the plaintiff filed timely objections to the Report. Thus, it appears this matter is ripe for resolution.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge properly suggests that the sole defendant, Fairfield County Sheriff's Department, is immune from suit under the Eleventh Amendment to the United States Constitution, and thus this court is without jurisdiction to hear this case. The Magistrate Judge also opines that the statute of limitations period applicable to this § 1983 action is three years under South Carolina law. The actions upon which plaintiff complains took place in August 2007, thus the statute of limitations period would have expired in August 2010. The plaintiff did not file his complaint in this action until February 7, 2011, as amended on March 16, 2011. Furthermore, the plaintiff provides no explanation of why his complaint should be considered timely.

In his objections to the Report, the plaintiff provides a general objection to immunity from a law suit stating that "the Eleventh Amendment to the United States Constitution ratification was rejected by the Supreme Court and never signed by the President." He also objects to South Carolina's three-year statute of limitations. These objections are overruled.

After a careful review of the record, the applicable law, the Report and Recommendation, and the plaintiff's objections thereto, the court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is incorporated herein by reference and this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*
Joseph F. Anderson, Jr.
United States District Judge

April 21, 2011
Columbia, South Carolina

2